**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HERIBERTO HUERTA,

        Petitioner - Appellant,

v.

KATHLEEN HAWK-SAWYER,
Director, United States Bureau of
Prisons; JOHN M. HURLEY, Warden,
United States Penitentiary,
Administrative Maximum Facility,
Florence, Colorado,

        Respondents - Appellees.

No. 00-1255

(D. Colorado)

(D.C. No. 99-Z-32)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Heriberto Huerta appeals the district court's dismissal of his Petition for Writ of Habeas Corpus, which he brought pursuant to 28 U.S.C. § 2241.  Mr. Huerta is serving a life sentence for conspiracy and distribution of controlled substances, and is presently being held in administrative segregation at the maximum security prison in Florence, Colorado.  Because we conclude that § 2241 is the improper vehicle for Mr. Huerta's grievances, we affirm the district court.

Mr. Huerta's § 2241 action argues that both his transfer to Florence and his segregated confinement were unconstitutional.  In dismissing the action, the district court ruled that it amounted to a challenge to the conditions of Mr. Huerta's confinement, rather than the execution of his sentence.  It stated that although Mr. Huerta contended "that it is not the denial of . . . privileges, but the [allegedly unconstitutional] manner in which they were denied" for which he was seeking relief, "it is apparent that the granting of his petition would simply alter the current conditions of his confinement and have no effect on his sentence." Dist. Ct. Order, filed May 10, 2000 [hereinafter referred to as "Dist. Ct. Order"] at 2.  Citing  McIntosh v. United States Parole Comm'n    , 115 F.3d 809, 811 (10th

Cir. 1997), the court ruled that "it is clear that this type of relief may not be granted through a § 2241 petition." Dist. Ct. Order at 2.

On appeal, Mr. Huerta maintains that "[c]learly habeas corpus relief is available for attacking constitutional questions of how a sentence is being served." Aplt's Br. at 24. In support of this proposition, he cites In Re: Medley, 134 U.S. 160 (1890), and Hutto v. Finney, 437 U.S. 678 (1978). Neither case is persuasive on this point. Hutto does suggest that conditions of confinement may be unconstitutional, but it was based on a 42 U.S.C. § 1983 civil rights action, and makes no mention of habeas petitions. As for Medley, Mr. Huerta cites no particular language within that century-old case. This may be because the Medley Court made only one statement that seems relevant to Mr. Huerta's argument, and that statement tells us that "under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement in the penitentiary under the statute of Colorado invalid as to this case." Medley, 134 U.S. at 173.

It is true that a § 2241 action may sometimes "challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." McIntosh, 115 F.3d at 811. It is also true that in Preiser v. Rodriguez, 411 U.S. 475, 484 (1973), the Supreme Court reserved judgment on the question of whether challenges to prison conditions may be brought under §

2241.  However, this circuit has declared that § 2241 is to be used in cases challenging the fact or duration of federal custody, and not in cases merely challenging prison conditions.     See McIntosh , 115 F.3d at 812.  Here, Mr. Huerta's own habeas petition states that his action is a challenge to the conditions of his confinement, not the ultimate fact that he is confined.  Petition for Writ of Habeas Corpus at 2. [1]  Moreover, Mr. Huerta is serving a life sentence.  He has made no allegation that his action, even if successful, would result in any direct change in the duration of his confinement.

For the foregoing reasons, we agree with the magistrate judge that the correct vehicle for Mr. Huerta's complaint is a civil rights action under        Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics     , 403 U.S. 388 (1971).  Report and Recommendation of United States Magistrate Judge, filed

---

[1]We acknowledge that in Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000), we held that an attack "on where [the petitioner's] sentence will be served . . . seems to fit . . . under the rubric of § 2241." Id. at 865.  In a sense, Mr. Huerta's cause of action is a challenge to where his sentence will be served, as he asks for a transfer to a "true general population unit of an approved correctional facility." Petition for Writ of Habeas Corpus at 30 (emphasis omitted).  But Montez is distinguishable from this case; in Montez, the petitioner alleged that the State of Wyoming could not constitutionally confine him in a privately run prison in Colorado.  He did not argue, as Mr. Huerta does, that he was being treated in an unconstitutional manner in the course of an otherwise lawful confinement.

Mar. 16, 2000, at 6.  Accordingly, we AFFIRM the district court's dismissal of

this § 2241 petition.


Entered for the Court,


Robert H. Henry
Circuit Judge